<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NERY FLORES GUERRERO,

        Petitioner,

    v.

OSCAR AVILES,

        Respondents.

Civil Action No. 14-4367 (WJM)

OPINION

**APPEARANCES**:

    PERHAM MAKABI
    125-10 Queens Blvd., Suite 6
    Kew Gardens, New York   11415
    Attorney for Petitioner

    ELIZABETH J. STEVENS
    U.S. Department of Justice
    P.O. Box 868
    Washington, D.C.   20044
    Attorney for Respondent

    PAUL A. BLAINE
    Office of the United States Attorney
    401 Market Street
    Camden, New Jersey   08101
    Attorney for Respondent

<u>**MARTINI, District Judge**</u>:

        Nery Flores Guerrero filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, challenging his detention at a facility in New Jersey in the custody of the Department of Homeland Security ("DHS") without a bond hearing.  Respondent filed an Answer arguing that the Petition should be dismissed because Guerrero's detention is required by 8 U.S.C. 1231(a)(6), as interpreted by *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), because Guerrero has not been

detained for more than six months and he has not shown that there is no significant likelihood of his removal to Honduras in the reasonably foreseeable future.  Guerrero filed a Reply arguing that his detention is governed by 8 U.S.C. § 1226(a), which requires the Immigration Judge to conduct a bond hearing, because his reinstated order of removal is not administratively final where the Immigration Judge will conduct a hearing on November 20, 2014, to determine, pursuant to 8 U.S.C. § 1231(b)(3)(A), whether or not Guerrero is entitled to withholding of the reinstated order to remove him to Honduras.

     The question in this case is narrow – whether, on the facts of this case, Guerrero's reinstated order of removal is administratively final.  If the reinstated order of removal is administratively final, despite the outstanding withholding of removal hearing before the Immigration Judge, then Guerrero's detention is governed by the post-removal period detention statute, 8 U.S.C. § 1231(a)(6), and he is not at this time entitled to a bond hearing.  But if his reinstated order of removal is not yet administratively final, then his detention is governed by the pre-removal period statute, 8 U.S.C. § 1226(a), and he is entitled to a bond hearing before an Immigration Judge under that statute.

     After reviewing the submissions of the parties and for the reasons fully expressed in this Opinion, this Court holds that Guerrero's order of removal is not administratively final under 8 U.S.C. § 1101(a)(47)(B), given that, after the reinstatement of Guerrero's order of removal to Honduras, the asylum officer determined that Guerrero has a reasonable fear of persecution or torture if returned to Honduras, *see* 8 U.S.C. 1231(b)(3); 8 C.F.R. § 208.31(e); the asylum officer referred the case to an Immigration Judge for full consideration of the request for withholding of removal, *see* 8 C.F.R. § 208.31(e); the hearing before the Immigration Judge has not yet been

conducted; and the regulations governing reinstated orders of removal expressly provide that "[a]ppeal of the immigration judge's decision [on the withholding of removal] shall lie to the Board of Immigration Appeals." 8 C.F.R. § 208.31(e); *see also* 8 C.F.R. § 241.8(e). This Court further holds that, because Guerrero's order of removal is not administratively final under 8 U.S.C. § 1101(a)(47)(B), his detention is governed by 8 U.S.C. § 1226(a), which requires the Immigration Judge to conduct a bond hearing to determine whether Guerrero's detention is necessary to avoid a danger to the community or risk of flight. This Court will, therefore, grant a Writ of Habeas Corpus directing the Immigration Judge to conduct a bond hearing pursuant to 8 U.S.C. § 1226(a) to determine if Guerrero presently poses a flight risk or danger to the community.

## I.   BACKGROUND

The relevant facts in this case are not in dispute. Guerrero is a citizen of Honduras. In November 1999 an Immigration Judge in Texas ordered him removed to Honduras, and the next month Guerrero was physically removed to Honduras. On September 16, 2013, DHS served Guerrero, who was at that time in New York, with a Notice of Intent/Decision to Reinstate Prior Order (Form I-871). DHS took Guerrero into custody on June 13, 2014, and he has been detained since that date without a bond hearing. During interviews on June 13 and 17, 2014, Guerrero conceded his 1999 removal to Honduras and stated that he feared returning to Honduras. On June 18, 2014, a deportation officer referred Guerrero's case to U.S. Citizenship and Immigration Services for a reasonable fear determination interview. On August 6, 2014, an official from U.S. Citizenship and Immigration Services interviewed Guerrero and determined that he had a reasonable fear of returning to Honduras. On August 12, 2014, DHS filed with the Immigration Court in New York a Notice of Referral to Immigration Judge (Form I-863), in accordance with 8

C.F.R. § 208.31(e), on the ground that an alien who has been served a notice of reinstatement "has expressed fear of persecution or torture and the claim has been reviewed by an asylum officer who has concluded the alien has a reasonable fear of persecution or torture." (ECF No. 7-5 at 2-3.) The Immigration Judge has scheduled Guerrero's case for a merits hearing on November 20, 2014, regarding withholding of the reinstated order to remove him to Honduras. *See* 8 U.S.C. § 1231(b)(3)(A).[1]

Guerrero argues that his reinstated order of removal to Honduras is not administratively final, and his detention is governed by § 1226(a), because the Immigration Judge has yet to conduct a hearing as to whether or not to withhold the reinstated order to remove Guerrero to Honduras. The Government argues that the reinstated order to remove Guerrero to Honduras became "administratively final when it was reinstated on September 16, 2013," and "the pendency of a reasonable fear determination does not impact the finality of a reinstated removal order." (Answer, ECF No. 7 at 4, 5.) The Government, accordingly, contends that Guerrero's detention is governed by 8 U.S.C. § 1231(a)(6) and that he is not entitled to a bond hearing under *Zadvydas*.[2]

## II.   DISCUSSION

A.   Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28

---

[1] Section 1231(b)(3)(A) provides: "Notwithstanding paragraphs (1) and (2), the Attorney General may not remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. 1231(b)(3)(A).

[2] The Government does not dispute that, in the event that this Court determines that Guerrero's order is not administratively final, his detention is governed by 8 U.S.C. § 1226(a).

U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). This Court has subject matter jurisdiction over the Petition under § 2241 because Petitioner was detained within its jurisdiction in the custody of the DHS at the time he filed his Petition, *see Spencer v. Kemna*, 523 U.S. 1, 7 (1998), and he asserts that his detention without a bond hearing violates 8 U.S.C. § 1226(a). *See Bonhometre v. Gonzales*, 414 F.3d 442, 445-46 (3d Cir. 2005).

B.      Statutory Authority for Guerrero's Detention

"Detention during removal proceedings is a constitutionally permissible part of that process." *Demore v. Kim*, 538 U.S. 510 (2003). The Immigration and Nationality Act ("INA") authorizes the Attorney General of the United States to issue a warrant for the arrest and detention of an alien pending a final administrative decision on an alien's removal. *See* 8 U.S.C. § 1226(a). Section 1226(a) provides: "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except [for aliens who have committed certain criminal offenses] and pending such decision, the [DHS] – (1) may continue to detain the arrested alien; and (2) may release the alien on – (A) bond . . . ; or (B) conditional parole[.]" 8 U.S.C. § 1226(a)(1), (a)(2).

However, once an alien's order of removal is final, DHS is required to detain the alien during a 90-day "removal period." *See* 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien").[3] If DHS does not remove the alien during the removal period, then § 1231(a)(6) authorizes DHS to thereafter release the alien on bond or to continue to detain the alien. *See* 8 U.S.C. § 1231(a)(6) ("An alien ordered removed . . . may be detained beyond the removal period and, if released, shall be subject to the terms of supervision[.]") The

---

[3] Section 1231(a)(1)(A) provides that DHS "shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')."

5

Supreme Court held in *Zadvydas* that § 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 533 U.S. at 689. To guide habeas courts, the Supreme Court recognized six months as a presumptively reasonable period of post-removal-period detention. *Id.* at 701. The Court determined that, "[a]fter this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*.

As stated above, the question in this case is whether Guerrero's reinstated order of removal to Honduras is administratively final where the Immigration Judge has scheduled a hearing on whether to withhold Guerrero's removal to Honduras. Determining the date of administrative finality is important under the INA for two reasons. First, the removal period, and the six-month presumptively reasonable period of detention under § 1231(a)(6), do not begin until "the order of removal becomes administratively final." 8 U.S.C. § 1231(a)(1)(B)(i).[4] Second, courts of appeals have jurisdiction to review orders of removal only where the orders are final (and the alien has exhausted all available administrative remedies). *See* 8 U.S.C. § 1252(b)(9) ("Judicial review of all questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section."); 8 U.S.C. § 1252(d) ("A court [of appeals] may review a final order

---

[4] The removal period is a shifting target, as it begins **on the latest of** three potential dates: "The removal period begins on the latest of the following: (i) The date the order of removal becomes administratively final[;] (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order[;] (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement." 8 U.S.C. § 1231(a)(1)(B).

of removal only if –(1) the alien has exhausted all administrative remedies available to the alien as of right, and (2) another court has not decided the validity of the order . . .").

Finality is defined by 8 U.S.C. § 1101(a)(47)(B), which provides that removal orders[5] "become final upon the earlier of – (i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals."[6] 8 U.S.C. § 1101(a)(47)(B). It follows that, if Guerrero is entitled to appeal the Immigration Judge's order that will be issued after the judge conducts the hearing regarding the withholding of Guerrero's removal to Honduras, then Guerrero's order of removal is not administratively final under § 1101(a)(47)(B).

The regulations governing the withholding of a reinstated order of removal to a particular country are set forth in 8 C.F.R. § 241.8. Section 241.8(a) provides that an alien "who illegally reenters the United States after having been removed . . . shall be removed from the United States by reinstating the prior order," and specifies that "[t]he alien has no right to a hearing before an Immigration Judge in such circumstances." 8 C.F.R. § 241.8(a). However, § 241.8(e) creates an exception by which an alien who expresses a fear of returning to the country designated in his reinstated removal order is "immediately" referred to an asylum officer, who must determine if the alien has "a reasonable fear" of returning to the country designated in the reinstated order, in accordance with 8 C.F.R. § 208.31. *See* 8 C.F.R. § 241.8(e) ("If an alien whose prior order of removal has been reinstated under this section expresses a fear of returning to the country

---

[5] "For purposes of carrying out the Immigration and Nationality Act, as amended by this subtitle . . . (2) any reference in law to an order of removal shall be deemed to include a reference to an order of exclusion and deportation or an order of deportation." 110 Stat. 3009 (1996); *see also Obale v. Attorney General of the United States,* 453 F.3d 151, 158 n.7 (3d Cir. 2006).

[6] The time to appeal to the BIA is 30 days. *See* 8 U.S.C. § 1252(b)(1); 8 C.F.R. § 1003.38(b).

designated in that order, the alien shall be immediately referred to an asylum officer for an interview to determine whether the alien has a reasonable fear of persecution or torture pursuant to § 208.31 of this chapter.") If, as in Guerrero's case, the asylum officer finds that the alien has a reasonable fear of being removed to the country designated in the reinstated removal order, then the officer must refer the matter to an Immigration Judge "for full consideration of the request for withholding of removal only." 8 C.F.R. § 208.31(e) ("If an asylum officer determines that an alien described in this section has a reasonable fear of persecution or torture, the officer shall . . . issue a Form I-863, Notice of Referral to the Immigration Judge, for full consideration of the request for withholding of removal only. Such cases shall be adjudicated by the immigration judge in accordance with the provisions of § 208.16.")[7]. This regulation expressly provides that "[a]ppeal of the immigration judge's decision shall lie to the Board of Immigration Appeals." 8 C.F.R. § 208.31(e).

Since § 208.31(e) gives the Immigration Judge jurisdiction over the withholding of Guerrero's removal to Honduras, and it also gives Guerrero the right to appeal to the BIA the Immigration Judge's order regarding withholding his reinstated order of removal to Honduras, the order of removal to Honduras is not at this time administratively final within 8 U.S.C. § 1101(a)(47)(B). As previously explained, an order of removal does not become final until "(i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B). Since the reinstated order to remove Guerrero to Honduras is not administratively final under § 1101(a)(47)(B), his removal period will not begin

---

[7] Section 208.16 governs the burden of proof and the legal standard to be applied by the Immigration Judge in withholding of removal cases. *See* 8 C.F.R. § 208.16.

until the reinstated order becomes administratively final, *see* § 1231(a)(1)(B)(i), and Guerrero's detention is governed by § 1226(a).

If this Court were to accept the Government's position and conclude that Guerrero's reinstated removal order became final when it was reinstated on September 16, 2013, then it would be impossible for Guerrero to timely petition for judicial review of the withholding of removal determination by the Immigration Judge and the BIA. Since a "petition for review must be filed no later than thirty days after the date of the final order of removal," 8 U.S.C. § 1252(b)(1), and this filing deadline is mandatory and jurisdictional, *see Verde-Rodriguez v. Attorney General,* 734 F.3d 198, 201 (3d Cir. 2013), Guerrero's removal order would have become final before the asylum officer found that Guerrero had a reasonable fear, before the Immigration Judge conducted a withholding of removal hearing, and before the BIA had the opportunity to review the Immigration Judge's decision concerning the withholding of Guerrero's removal to Honduras. Such a scenario is inconsistent with the statutory and regulatory scheme outlined above, and "depriving [Guerrero] the opportunity for judicial review of a determination that he lacks a reasonable fear of persecution could raise serious constitutional concerns." *Ortiz-Alfaro v. Holder,* 694 F.3d 955, 958 (9th Cir. 2012). Moreover, courts of appeals, which have jurisdiction to review only final orders of removal, have determined that they have jurisdiction to review decisions of the BIA concerning the withholding of reinstated orders of removal. *See, e.g., Garcia v. Holder,* 756 F.3d 885, 890 (5th Cir. 2014); *Costa v. Holder,* 733 F.3d 13 (1st Cir. 2013); *see also Pierre v. Attorney General,* 506 F.App'x 175, 178 (3d Cir. 2012) (holding that, while the Third Circuit had jurisdiction to entertain Pierre's challenge to the BIA's decision affirming the Immigration Judge's denial of withholding of Pierre's reinstated order removing him Haiti, the Court lacked

9

jurisdiction to entertain his argument that his cocaine convictions were not particularly serious crimes because Pierre had not administratively exhausted this argument before the BIA).

In this case, the Immigration Judge and the BIA have not completed administrative proceedings required by 8 C.F.R. § 208.31(e) and have not finally determined whether Guerrero will be removed to Honduras in accordance with the reinstated order of removal or whether the order to remove him to Honduras will be withheld in accordance with 8 U.S.C. § 1231(b)(3)(A). Under these circumstances, and in light of Guerrero's right to appeal the Immigration Judge's withholding only determination to the BIA, his reinstated order of removal to Honduras is not administratively final and his detention is governed by 8 U.S.C. § 1226(a). *See Castellanos v. Holder,* 337 F.App'x 263, 268 n.3 (3d Cir. 2009) (holding that, where the Second Circuit had vacated the Immigration Judge's order denying withholding of reinstated order of removal of convicted alien to El Salvador and remanded for withholding proceedings, pursuant to 8 C.F.R. §§ 208.31 and 241.8(e), Castellanos' § 2241 petition challenging his detention under § 1231(a)(6) and *Zadvydas* was premature because Castellanos' removal order was not a final order of removal and his detention was governed by 8 U.S.C. § 1226, "which authorizes detention 'pending a decision on whether an alien is to be removed from the United States'").

However, relying on 8 U.S.C. § 1231(a)(5), the Government argues that "Guerrero's removal order was administratively final when it was reinstated on September 16, 2013." (ECF No. 7 at 4.) To be sure, § 1231(a)(5) provides that, "[i]f the Attorney General finds that an alien has reentered the United States illegally after having been removed . . . , the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under

10

the prior order at any time after the reentry." 8 U.S.C. § 1231(a)(5). But the Supreme Court and the above cited regulations governing reinstated orders of removal recognize that withholding of removal pursuant to § 1231(b)(3)(A) is an exception to § 1231(a)(5)'s bar. *See Fernandez-Vargas v. Gonzales,* 548 U.S. 30 (2006); 8 C.F.R. §§ 241.8(e) and 208.31(e). As the Supreme Court explained:

> Notwithstanding the absolute terms in which the bar on relief is stated, even an alien subject to [8 U.S.C. § 1231(a)(5)] may seek withholding of removal under 8 U.S.C. § 1231(b)(3)(A) (2000 ed.) (alien may not be removed to country if "the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion"), or under 8 CFR §§ 241.8(e) and 208.31[e].

*Id.* at 35 n.4.[8]

Next, the Government argues that Guerrero's reinstated order to remove him to Honduras is administratively final because 8 C.F.R. § 1208.2(c)(3)(i) limits the scope of withholding only proceedings "to a determination of whether the alien is eligible for withholding or deferral of removal" to the country listed in the order of removal, and prohibits Guerrero "from raising . . any other issues, including but not limited to issues of admissibility, deportability, eligibility for waivers, and eligibility for any other form of relief." *See* 8 C.F.R. § 1208.2(c)(3)(i). This argument misses the mark. The cited regulation has no effect on the alien's right, expressly provided by 8 C.F.R. §§ 241.8(e) and 208.31(e), to appeal the Immigration Judge's withholding only determination to the BIA, and his right under 8 U.S.C. § 1252 to petition the Court of Appeals

---

[8] *See also Costa v. Holder,* 733 F.3d 13, 16 (1st Cir. 2013) (noting that, even where DHS has reinstated a removal order, alien may be entitled to withholding of removal because "[t]he government cannot deport an otherwise removable alien 'if the Attorney General decides that the alien's life or freedom would be threatened in [the country of removal] because of the alien's race, religion, nationality, membership in a particular social group, or political opinion'") (quoting 8 U.S.C. § 1231(b)(3)(A)); *Herrera-Molina v. Holder,* 597 F.3d 128, 139 (2d Cir. 2010) (holding that the only relief available to an alien subject to a reinstated order of removal is withholding of removal based on fear of returning to the country designated in the reinstated removal order).

to review the BIA's withholding decision. Nor can this regulation operate to alter the INA's definition of finality, *i.e.*, an order of removal "shall become final upon the earlier of – (i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B). Accordingly, the limitation of the issue before the Immigration Judge and the BIA to the withholding of Guerrero's removal to Honduras, the country designated in the reinstated removal order, does not establish that Guerrero's administrative proceeding became final before the Immigration Judge and the BIA ruled on the withholding of Guerrero's removal to Honduras.

The Government also relies on District Court decisions, including Judge Chesler's opinion in *Gomez v. Tsoukaris,* Civ. No. 14-1400 (SRC), 2014 WL 2434311 (D.N.J. May 29, 2014), for the proposition that Guerrero's reinstated order of removal to Honduras became final when it was reinstated on September 16, 2013, even though an Immigration Judge will be conducting a hearing regarding the withholding of Guerreros' removal to Honduras.[9] Gomez's order to remove him to Mexico was reinstated after Gomez illegally reentered the United States. Gomez thereafter claimed that he was a citizen of Ecuador and he expressed fear of being removed to Ecuador. However, the asylum officer did not find that Gomez had a reasonable fear and the case was not referred to an Immigration Judge for a hearing regarding withholding of removal. On those facts, Judge Chesler held that Gomez's detention was governed by § 1231(a)(6) because his removal order was administratively final. However, Judge Chesler emphasized that "there are no

---

[9] The other District Court cases relied on by the Government were not decided in the District of New Jersey. As this Court is relying on case law of the Supreme Court and the Third Circuit concerning the finality of an order of removal, this Court will not discuss the District Court cases outside the District of New Jersey on which the Government relies.

12

proceedings pending before an immigration judge or the Board of Immigration Appeals." *Gomez* at *1. Guerrero's case is distinguishable from *Gomez* because, unlike *Gomez,* the asylum officer found Guerrero's fear to be reasonable and referred the withholding of Guerrero's removal to Honduras to an Immigration Judge for a hearing that has yet to be conducted.

In addition, the Government's position – that Guerrero's removal order became final on September 16, 2013 - is undermined by *Foti v. Immigration and Naturalization Service,* 375 U.S. 217 (1963), *Immigration & Naturalization Service v. Chadha,* 462 U.S. 919 (1983), and Third Circuit precedent clarifying when an order of removal is final. In *Foti,* Foti conceded that he was deportable and sought review before the Second Circuit of the BIA's determination affirming the refusal to grant a suspension of deportation. The question before the Supreme Court was "whether a refusal by the Attorney General to grant a suspension of deportation is one of those 'final orders of deportation' of which direct review by Courts of Appeals is authorized by" the predecessor of 8 U.S.C. 1252(a)(5). *Id.* at 221. The Supreme Court concluded that the phrase "final orders of deportation" included denials of suspension of deportation because "all determinations made during and incident to the administrative proceeding[, which are] reviewable . . . by the Board of Immigration Appeals, such as . . . orders denying the withholding of deportation . . . are likewise included within the ambit of the exclusive jurisdiction of the Courts of Appeals" to review final orders of deportation. *Id.* at 229.

Similarly, in *Chadha,* the Supreme Court held that the phrase "final orders of deportation" "includes all matters on which the validity of the final order is contingent."[10] *Chadha,* 462 U.S. at

---

[10] "[W]hen an alien is ordered removed, 8 C.F.R. § 1240.12(d) requires the Immigration Judge to identify a country, or countries in the alternative, to which the alien may be removed." *In re IS & CS,* 24 I.& N. Dec. 432, 433 (BIA 2008); *see also Tonfack v. Attorney General,* __ F.3d __, 2014 WL 4403046 (3d Cir. Sept. 8, 2014) ("[T]he IJ is obligated to designate a country of removal as

938. In that case, an Immigration Judge had granted Chadha the suspension of deportation, and the House of Representatives passed a resolution which vetoed the suspension and ordered Chadha's deportation. Chadha filed a petition for review; the Ninth Circuit held that the House lacked constitutional authority to order Chadha's deportation; and the Supreme Court affirmed. In doing so, the Supreme Court rejected the argument that the Ninth Circuit lacked jurisdiction over Chadha's petition for review. *Id.* at 937. The Court explained that, because "the relief [Chadha] seeks – cancellation of deportation – is plainly inconsistent with the deportation order," the Ninth Circuit had jurisdiction to grant the relief in a petition for review of a final order of deportation.

The Third Circuit recently considered administrative finality in *Mebuin v. Attorney General,* 570 F.App'x 161 (3d Cir. 2014). In that case, the Third Circuit held that it lacked jurisdiction to review an order of removal because the order was not final where the BIA had reopened the administrative proceeding and remanded the case to an Immigration Judge to entertain an application for withholding of removal and other relief from removal. The Third Circuit explained that, "[w]hile an agency order may satisfy the finality requirement at the time the petition for review is first filed, subsequent administrative proceedings can affect finality, limiting or eliminating the jurisdiction of the reviewing court of appeals," even where the issue before the Immigration Judge is limited to withholding of removal and other relief from removal. *Mebuin,* 570 F.App'x at 161-62. The Third Circuit reasoned that the order of removal was no longer final in Mebuin's case because "the Immigration Judge is authorized to consider substantive matters that may result in giving Mebuin relief from removal." *Id.* at 162. In so holding, the Third

---

part of the removal proceedings."); 8 C.F.R. 1240.12(d). In this case, it is undisputed that Guerrero's removal order directs his removal to Honduras. (ECF No. 7-2 at 2.)

14

Circuit cited *Chupina v. Holder,* 570 F.3d 99, 103 (2d Cir. 2009) (per curiam), for the proposition that "a BIA order, which affirmed the denial of asylum but remanded on withholding and CAT, was not final because the remanded matters could directly affect removability."[11] *Mebuin,* 560 F.App'x at 162.

Following the same rationale, and of particular importance here, the Ninth Circuit held in *Ortiz-Alfaro v. Holder,* 694 F.3d 955 (9th Cir. 2012), that "where an alien pursues reasonable fear and withholding of removal proceedings following the reinstatement of a prior removal order, the reinstated removal order does not become final until the reasonable fear of persecution and withholding of removal proceedings are complete." 694 F.3d at 958. Likewise, the Second Circuit held in *Halabi v. Mukasey,* 283 F.App'x 866 (2d Cir. 2008), that it had jurisdiction to review as a final order of removal the BIA's order affirming the final order denying withholding of a reinstated order of removal.

Finally, this Court notes that the Third Circuit's holding in *Verde-Rodriguez v. Attorney General,* 734 F.3d 198 (3d Cir. 2013), is consistent with this Court's analysis. In that case, Verde-Rodriguez filed a § 2241 habeas petition in 2011, after his 1998 removal order was reinstated on October 24, 2011. He did not challenge the order of removal but claimed that the procedures leading to the entry of the 1998 removal order violated due process. The District Court concluded it lacked jurisdiction and transferred the matter to the Third Circuit as a petition for review. The Third Circuit held that it lacked jurisdiction over the petition for review because it was not timely filed. Verde-Rodriguez argued that the Third Circuit nevertheless had habeas

---

[11] In *Chupina,* the Second Circuit granted the Government's request to dismiss Chupina's petition for review for lack of jurisdiction because the order was not final where the BIA had affirmed the denial by the Immigration Judge of Chupina's application for asylum, but remanded to the Immigration Judge his application for withholding of removal and relief under the Convention Against Torture.

jurisdiction over his claim that the immigration hearing in 1998 violated procedural due process. The Third Circuit rejected the argument, reasoning that because the exclusive jurisdiction to review a final order of removal broadly included all determinations made during and incident to the administrative proceeding which were reviewable by the BIA, the Third Circuit lacked habeas jurisdiction to review Verde-Rodriguez's due process claims. This Court notes that, unlike Guerrero, Verde-Rodriguez did not express a reasonable fear of being returned to Mexico and *Verde-Rodriguez*, accordingly, did not concern the withholding of a reinstated order of removal. But *Verde-Rodriguez* supports this Court's determination that Guerrero's reinstated removal order is not yet final, as the *Verde-Rodriguez* Court stated that the statutory phrase "final order of removal" broadly encompasses "errors on which the validity of the final order [are]contingent" or where the relief sought "would clearly be inconsistent with the order of removal" to a particular country. *Verde-Rodriguez,* 734 F.3d at 206 (citation and internal quotation marks omitted).

This Court rejects the Government's arguments and holds that, where the Immigration Judge has yet to conduct a hearing as to whether or not to withhold Guerrero's reinstated order of removal to Honduras, Guerrero's order of removal to Honduras is not final and his detention is governed by 8 U.S.C. § 1226(a). *See Castellanos,* 337 F.App'x at 268 n.3 (holding that, where the Second Circuit had vacated the Immigration Judge's order denying withholding of reinstated order of removal of convicted alien to El Salvador and remanded for withholding proceedings, pursuant to 8 C.F.R. §§ 208.31 and 241.8(e), Castellanos' § 2241 petition challenging his detention under § 1231(a)(6) and *Zadvydas* was premature because Castellanos' removal order was not a final order of removal and his detention was governed by 8 U.S.C. § 1226, "which authorizes detention 'pending a decision on whether an alien is to be removed from the United

States'"). This Court, accordingly, grants Guerrero a Writ of Habeas Corpus directing the Immigration Judge to conduct a bond hearing, pursuant to 8 U.S.C. § 1226(a), within 10 days of the date of the entry of the Order accompanying this Opinion.

### III.   CONCLUSION

For the foregoing reasons, this Court grants Guerrero a Writ of Habeas Corpus directing the Immigration Judge to conduct a bond hearing, pursuant to 8 U.S.C. § 1226(a), within 10 days.

s/William J. Martini

**WILLIAM J. MARTINI, U.S.D.J.**

DATED: October 30, 2014